**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CR-60187-DAMIAN/DSW**

**UNITED STATES OF AMERICA,**

**v.**

**FRANC ETIENNE, a/ka "Zo" and**
**JAMES ETIENNE,**

      **Defendants.**

_____/

### REPORT AND RECOMMENDATION ON CHANGE OF PLEA

**THIS CAUSE** is before the Court on an Order of Referral, [ECF No. 43], from the Honorable Melissa Damian to conduct a Change of Plea Hearing ("Hearing") for Defendant **FRANC ETIENNE** ("Defendant"). The Court conducted the Hearing on May 20, 2026, [ECF No. 75], to determine if Defendant should be permitted to change his plea to guilty.  Upon conducting the Hearing, the Court makes the following **REPORT** and **RECOMMENDATION**:

1.     Defendant appeared at the hearing in person and was placed under oath under penalty of perjury.

2.     Based on Defendant's responses to competency questions, the Court found Defendant fully competent and capable of making an informed and voluntary guilty plea.

3.     The Court advised Defendant of his right to have United States District Judge Melissa Damian, the presiding judge, conduct the Hearing.  Defendant confirmed that he had the opportunity to fully discuss this right with his counsel.  Defendant, along with his counsel and the Government's counsel, consented to the undersigned proceeding with the change of plea. Based

on Defendant's responses to the Court's inquiries regarding his consent, the Court finds that Defendant knowingly and voluntarily gave his consent.

4.      Upon obtaining Defendant's consent, the Court conducted a plea colloquy as outlined in the Bench Book for District Judges, and in accordance with Federal Rule of Criminal Procedure 11.

5.      Defendant seeks to plead guilty to Counts One, Four, and Six of the Superseding Indictment, which charges Defendant with conspiracy to distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), and 846. Defendant acknowledged that he has reviewed the Superseding Indictment and that his counsel has fully explained the charges to him.

6.      Defendant acknowledged that he understands the possible penalties that could be imposed against him and the other consequences of pleading guilty. The Court advised the Defendant of the potential maximum penalties, fines, and supervised release terms associated with each Count.

7.      The Court discussed with Defendant additional consequences of pleading guilty to a felony, including waiver of the right to a jury trial, loss of valuable civil rights, and immigration consequences.

8.      The Defendant and the Government have entered into a written Plea Agreement, which was signed by the Government's counsel, Defendant's counsel and the Defendant. The parties presented the Plea Agreement to the Court. The Defendant confirmed that the Plea Agreement reflects his entire agreement and understanding with the Government. The Plea Agreement has been filed in the record. [ECF No. 76].

9.      The Court conducted a detailed review of the Plea Agreement with the Defendant, who stated that he fully understood the entire agreement and had reviewed and signed it with the advice and consultation of his attorney.

10.      As set forth in the Plea Agreement, the Defendant confirmed to the Court that he is aware that the District Judge will impose a sentence after considering the Federal Sentencing Guidelines. The Court further discussed the parties' agreements regarding the Government's recommendations as to the sentence to be imposed by the District Judge. The Defendant confirmed that he is fully aware that the sentence has not yet been determined and that he cannot withdraw the guilty plea if the District Judge does not accept the Government's recommendations or if the sentence is greater than the Defendant currently anticipates.

11.      The Court asked the Government's counsel to state the elements of each of the relevant counts and summarize the evidence against Defendant that it would have established at trial. Defendant and his counsel agreed that the Government correctly stated the elements of the crime.

12.      The parties provided the Court with a Factual Proffer signed by Defendant, his Counsel, and the Government's Counsel.  The Court asked the Government's Counsel to make a factual proffer for the record. Defendant confirmed that he agreed with the Government's proffer on the record and stated that he committed the acts stated therein. Based on the Factual Proffer and Defendant's responses to the Court's questions, the undersigned finds that the Factual Proffer is sufficient to establish the crime to which Defendant intends to plead guilty. The Factual Proffer has been filed in the record. [ECF No. 77].

13.      Defendant acknowledged that he is satisfied with his attorney, the representation that he has received, and that he has had a full opportunity to discuss all facets of his case—

including discussing potential defenses, the Government's burden, and potential suppression motions—with his attorney.

14.    Based on the foregoing and the plea colloquy conducted by this Court, the undersigned finds that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense to which Defendant seeks to plead guilty.

15.    Accordingly, Defendant was given the opportunity to change his plea. Defendant stated on the record that he pleads guilty to Counts One, Four, and Six of the Superseding Indictment.

## CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that the Honorable Melissa Damian: (1) accept the guilty plea of Defendant, **FRANC ETIENNE**; (2) adjudicate Defendant guilty as to Counts One, Four, and Six of the Superseding Indictment to which he has entered a plea of guilty; and (3) conduct a sentencing hearing for final disposition of this matter.

A pre-sentence investigation report will be prepared for the District Court by the United States Probation Office. Sentencing will be set by a separate order before the Honorable Melissa Damian.

Objections to this Report and Recommendation, if any, may be filed with the Honorable Melissa Damian within **three (3) days** of receipt of a copy of the Report. Failure to timely file objections waives a party's right to review issues related to Defendant's plea under Fed. R. Crim. P. 11 before the District Judge or the Court of Appeals. *See* Fed. R. Crim. P. 59(b)(1), (2); 11th Cir. R. 3-1; *Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir.

2020); 28 U.S.C. § 636(b)(1)(C). If the parties do not intend to object, the parties shall file a Notice of Non-Objection to the Report and Recommendation on Change of Plea within the same **three (3) day deadline**.

   **RESPECTFULLY SUBMITTED** in Chambers in Fort Lauderdale, Florida, on this 22nd day of May, 2026.

            **DETRA SHAW-WILDER**
            **UNITED STATES MAGISTRATE JUDGE**

cc:    The Honorable Melissa Damian
     All Counsel of Record

5